ECFIN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

SYREEIA JONES,

    Plaintiff,

vs.                                                           No. 14-2384-STA-dkv

SANTANDER CONSUMER USA HOLDINGS, INC.;
SANTANDER CONSUMER USA, INC.;
THOMAS G. DUDSON, Chairman and CEO; and
JASON A. JULAS, President and CFO,

    Defendants.

---

REPORT AND RECOMMENDATION FOR *SUA SPONTE* DISMISSAL AS TO
THE INDIVIDUAL DEFENDANTS DUDSON AND JULAS
AND
TO ISSUE AND EFFECT SERVICE OF PROCESS AS TO THE CORPORATE DEFENDANTS

---

On May 22, 2014, the plaintiff, Syreeia Jones ("Jones"), a resident of Memphis, Tennessee, filed a *pro se* complaint against the defendants Santander Consumer USA Holdings, Inc., Santander Consumer USA, Inc. ("Santander"), Thomas G. Dudson, Chairman and CEO, and Jason A. Kulas, President and CFO. (Compl., ECF No. 1.) The complaint alleges breach of a Retail Installment Sales Contract between Santander Consumer USA, Inc. and Jones for the finance of her purchase of a 2013 Kia Rio, violation of the Fair Credit Reporting Act (FCRA), defamation of character, and violation of the Federal Telephone Consumer Protection Act ("FTCPA"). Accompanying the complaint was a motion seeking leave to proceed *in forma pauperis*. (ECF No. 2.) In an order issued on May 23, 2014, the court granted Jones leave to proceed *in forma pauperis*. (ECF No. 5.) This case has been referred to the United States Magistrate Judge for management and for all

pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, April 29, 2013.)

## I. PROPOSED FINDINGS OF FACT

Jones alleges in her complaint that on July 17, 2013, she entered into a Retail Installment Sales Contract with Santander, an automobile finance company, to finance the purchase of a 2013 Kia Rio and that between March 1, 2013 and May 31, 2013, she observed irregularities in the posting of her payments to her account. (Compl. 2, ECF No. 1.) She alleges that she contacted Santander and requested an investigation; that employees of Santander told her that if she made a payment of $496.34, the inaccuracies would be corrected with the consumer credit reporting agencies; and that she made the payment as instructed but Santander failed to correct the information with the consumer credit reporting agencies. (*Id*. 2-3.) She also alleges that Santander called her cell phone more than 800 times and her office phone more than 600 times over the course of seven months, and that despite her request that Santander not call her at work, Santander employees continued to do so which resulted in her termination from employment. (*Id*. 4-5.)

For relief, Jones seeks damages against the defendants Santander Consumer USA, Inc. and Santander Consumer USA Holding, Inc. in an amount to be determined. (*Id*. 7.)

II. PROPOSED CONCLUSIONS OF LAW

A. <u>28 U.S.C. § 1915(e)(2) Screening</u>

Pursuant to Local Rule 4.1(a), service will not issue in a *pro se* case where the *pro se* plaintiff has been granted leave to proceed *in forma pauperis* until the complaint has been screened under 28 U.S.C. § 1915(e)(2). The clerk is authorized to issue summons to *pro se* litigants only after that review is complete and an order of the court issues. This report and recommendation will constitute the court's screening. The court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action —

  (i)   is frivolous or malicious;

  (ii)  fails to state a claim on which relief may be granted; or

  (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

B. <u>Standard of Review for Failure to State a Claim</u>

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678-679 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the

3

factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011)(quoting Iqbal, 556 U.S. at 681)(alteration in original). "[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"Pro se complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (internal quotation marks omitted). Pro se litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011)("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading."(internal quotation marks omitted)); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003)(affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her");

cf. *Pliler v. Ford*, 542 U.S. 225, 231 (2004)("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011)("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

C.  Jones's Claims Against the Individual Defendants

Jones names two individuals as defendants, Chairman-CEO Dudson and President-CFO Kulas, but the complaint contains no factual allegations against either individual nor does Jones seek damages from either individual. Accordingly, the court recommends dismissal of the claims against Dudson and Kulas for failure to state a claim upon which relief can be granted.

### III.  RECOMMENDATION

It is recommended that the Clerk shall record the defendants as Santander Consumer USA Holdings, Inc. and Santander Consumer USA, Inc., Thomas G. Dudson, and Jason A. Kulas. It is further recommended that complaint be dismissed as to Dudson and Kulas for failure to state a claim upon which relief can be granted and the Clerk be directed to issue process for Santander Consumer USA Holdings, Inc. and

Santander Consumer USA, Inc. and to deliver that process along with a copy of the Complaint (ECF No. 1) and a copy of this report and recommendation to the marshal for service; that service be made on Santander Consumer USA Holdings, Inc. and Santander Consumer USA, Inc. pursuant to Rule 4(h)(1) of the Federal Rules of Civil Procedure;[1] and that all costs of service be advanced by the United States.

It is further recommended that Jones be ordered to serve a copy of every document filed in this cause on the attorney for Santander Consumer USA Holdings, Inc. and Santander Consumer USA, Inc., to make a certificate of service on every document filed, to familiarize herself with the Federal Rules of Civil Procedure and this court's local rules,[2] and to promptly notify the Clerk of any change of address or extended absence, and be warned that failure to comply with these requirements, or any other order of the court, may result in the dismissal of her case without further notice.

Respectfully submitted this 29th day of May, 2014.

s/Diane K. Vescovo
DIANE K. VESCOVO
UNITED STATES MAGISTRATE JUDGE

---

[1] In her complaint, Jones provides the following address for defendants Santander Consumer USA Holdings, Inc. and Santander Consumer USA, Inc.: 8585 N. Stemmons Freeway, Dallas, TX 75247.

[2] A free copy of the Local Rules may be obtained from the Clerk. The Local Rules are also available on the court's website at www.tnwd.uscourts.gov/pdf/content/LocalRules.pdf.

NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.